### ELMER GREEN v. STATE.
No. A-4375.    Opinion Filed Dec. 26, 1923.
(221 Pac. 116.)

Appeal from County Court, Canadian County; W. M. Wallace, Judge.

Elmer Green was convicted of the illegal sale of whisky, and he appeals. Modified and affirmed.

J. N. Roberson, for plaintiff in error.

The Attorney General, for the State.

BESSEY, J. Plaintiff in error, Elmer Green, here designated the defendant, was convicted in the county court of Canadian county of having sold one-half pint of whisky, and his punishment was assessed by the court at a fine of $500 and 6 months' imprisonment in the county jail. From the judgment he appeals.

The cause was submitted on the record on November 7, 1923. No brief has been filed in behalf of plaintiff in error, and, under rule 9 of this court, this appeal might be considered as abandoned.

However, we have examined the record in this case and find that such record shows that this case was tried to the court without a jury; a jury having been waived. That the conviction rests solely upon the testimony of an enforcement officer, who says he purchased one-half pint of whisky from the defendant who was staying at a hotel in El Reno

where the witness was a guest. The defendant was a disabled soldier, subsisting largely on compensation from the government, and living at this same hotel, where he rendered such services as his health would permit.

The defendant took the stand in his own behalf, and denied that he sold any whisky to this enforcement officer, or that he ever sold whisky to any one.

The court, sitting as a jury, found the defendant guilty, and assessed the maximum punishment of 6 months in jail and a fine of $500, and the costs of the prosecution.

A court sitting as a jury has no more right than a jury would have to consider facts or circumstances not developed in the testimony, such as the reputation of the accused, whether or not he associated with law violators, or was an habitual criminal. In the meager testimony before us there was no such showing made. The evidence appearing in the record alone we do not think merits the extreme punishment imposed, indicating possibly that the court may have been influenced by the advice of officers or others to impose the extreme penalty.

The judgment of the trial court is ordered modified, fixing the punishment at 30 days in jail and a fine of $50, and as so modified is affirmed.

MATSON, P. J., and DOYLE, J., concur.